No. 582.

## BROWN v. THE BOARD OF COMMISSIONERS OF BARTHOLOMEW COUNTY.

COUNTY COMMISSIONERS.—*Publication of Annual Statement.—Authority of Auditor to Cause.*—Where the commissioners of a county made their annual statement of receipts and expenditures, as required by section 5768, R. S. 1881, but failed to cause the same to be published in a newspaper of the county, as provided in said section, the auditor of the county had no authority to cause the publication of said statement unless directed to do so by the commissioners. The auditor, as clerk of the board, is simply required to record its judgments and proceedings.

From the Bartholomew Circuit Court.

*C. F. Remy*, for appellant.
*F. T. Hord* and *M. D. Emig*, for appellee.

Fox, J.—It appears from the record in this case that on the first day of September, 1890, the appellant filed a claim with the board of commissioners of Bartholomew county for $298 for publishing an annual statement of the receipts and expenditures of such board for the preceding year.

The claim, as originally filed, was as follows:
" Bartholomew County, Indiana,
                    " To Isaac T. Brown, Dr.
" 1890, June 26th. To public printing as per statement of account attached, $298."

The statement " attached " was as follows:
                                    "Aug. 30, 1890.
" Bartholomew County,
            " To Isaac T. Brown, Dr.
" June 26th, 1890. Auditor's Report, 37,250 ems, 149 squares, W. 3 T., $298."

The claim was properly verified.

The record further discloses that this claim was summarily dismissed by the board of commissioners on the 10th day of September, 1891, the " board refusing to al-

low said claim or any part thereof." From this judgment of dismissal an appeal was taken by the appellant to the circuit court of said county.

The appellee appeared in the circuit court and moved to dismiss the action for the reason that the claimant " did not file with the board a detailed statement of items and dates of charges as required by law." This motion was overruled by the court. The appellee then filed a motion asking that the claim filed be made more specific. This motion was sustained. The claimant then filed an amended complaint, to which a demurrer was filed and overruled. To this amended complaint an answer was filed in four paragraphs. A demurrer was sustained to the second and fourth paragraphs and overruled as to the third. A reply in one paragraph was then filed to the third paragraph of the answer, to which a demurrer was sustained. The appellant refusing to amend his reply or file an additional one, the action was dismissed at his cost. Proper exceptions were taken to the rulings of the court.

The only question presented for the consideration of this court by the appellant, is the judgment of the court below, in sustaining a demurrer to the reply above mentioned.

The third paragraph of the answer, to which the reply was filed, was as follows :

" 3. The defendant for further answer says that said pretended claim for services sued for herein was done without the employment of the defendant or without any agreement or contract with the defendant therefor, and said service was voluntary, and at no time authorized by the defendant."

The reply in question to this answer was in substance as follows : That said board of commissioners at their June session made their annual statement of receipts and

expenditures for the preceding year and signed the same as such commissioners; that said board adjourned without making any order for printing and publishing such statement; that after the board had adjourned the auditor, without any order from the board, procured the said statement to be published in the Columbus *Republican*, of which the appellant was the owner and proprietor.

It is claimed by the appellant in argument that " the auditor is ex-officio clerk of the board of commissioners " and that " what is done by him as such is done by the board of commissioners." Counsel has failed to furnish us with any authorities in support of these propositions.

Section 5768, R. S. 1881, requires the commissioners of a county at their June session in each year to make a statement of their receipts and expenditures and cause the same to be published in a newspaper of the county.

The mere fact that the auditor is made ex-officio clerk of the board, and is required to attend its meetings as such, and keep a record of its proceedings does not constitute him a part of the board to the extent, " that whatever is done by him as such clerk is done by the board of commissioners." There is an essential difference between the duties imposed upon the board of commissions, and those upon the auditor under our statutes. The offices are distinct, and a person holding the one can not exercise the functions of the other without express authority.

The auditor, as the clerk of the board, is simply required to record its judgments and proceedings. He thus formulates the only recognized evidence of the existence of such judgments and proceedings. This is the extent of his power. He has nothing to do with the making of orders required of the board not in the rendition of its judgments. In this case the statute required the commissioners to make an annual statement of their receipts and expenditures and " to cause the same

to be published." These duties are, by the terms of the statute, imposed upon the commissioners, and as such they should discharge them. No authority is given to the auditor to make this statement or to cause its publication unless directed so to do by the commissioners.

It is alleged in the reply that no " order of record or otherwise " was made by the board directing or authorizing the auditor to publish the statement, that he did so at his " own instance and authority." If the commissioners did, not cause the statement to be published, as required, they were derelict in their duty. For this the auditor was not responsible. Such neglect did not authorize him to supply the omission by performing the duties of the board. The demurrer to the reply was properly sustained.

Cross-errors are assigned in the record by the appellee, but inasmuch as the conclusions we have reached concerning the questions presented by the appellant's assignment of errors necessarily affirms the judgment of the court below, we deem it unnecessary to prolong the opinion by considering the questions presented by the cross-errors.

The judgment is affirmed, with costs.

Filed Sept. 13, 1892.